IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREEENVILLE DIVISION

**PALACE LAVON ADAMS**                                                                             **PLAINTIFF**

**V.**                                                                     **CIVIL ACTION NO. 4:21-CV-58-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for Social Security Disability and/or Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security is supported by substantial evidence and is therefore affirmed.

FACTS

The plaintiff, Palace Lavon Adams filed for SSD/SSI benefits on October 16, 2019, alleging onset of disability commencing on the same date. Her date last insured is March 31, 2020. The Social Security Administration denied the claim initially and on reconsideration.

Following a hearing, the ALJ issued an unfavorable decision on December 11, 2020. (Dkt. 9 p.15-22).[1] The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined Adams had the following severe impairments: diabetes mellitus, moderate degenerative disc disease of the cervical spine, shoulder osteoarthritis, and obesity. The ALJ found she retained the residual functional capacity (RFC) to perform light work except she could only occasionally climb ramps, and stairs, stoop, kneel, crouch, crawl, and balance, but never climb ladders, ropes, or scaffolds. The ALJ found Adams can perform her past relevant work as a cashier, as performed and as generally performed, and can perform her past work, as a packer/picker, as actually performed.

## ANALYSIS

Adams argues that the ALJ erred in finding the opinions of the state agency medical consultants (SAMC) persuasive because they did not review substantial evidence that was material to the plaintiff's claim. The ALJ found the opinions of these consultants were persuasive but reduced the plaintiff's residual functional capacity to light work based on the later medical evidence.

At the date of application, Adams was a younger individual, but aged into the closely approaching advanced age on September 8, 2020. She argues the SAMC opinions rated her both at medium and light work, and that if there are further limitations based upon the later evidence, the ALJ should have reduced RFC to sedentary. If reduced to sedentary, Adams would be deemed disabled as of her fiftieth birthday. The Commissioner counters that the plaintiff is asking the court to reweigh the evidence and substitute its judgment for the ALJ's findings. The court finds no error in the ALJ's findings.

---

[1] The administrative record is Docket 9. Unless otherwise indicated, all references are to the administrative record. The page cites are to the court's numbering system, rather than the administrative numbering.

Dr. Glenn James issued the initial opinion, expressly finding that Adams could meet the lifting, carrying, standing, and walking requirements for medium work, though he added his opinion that her occupational base was reduced to a light RFC. R. 84-85. Dr. Carol Kossman found Adams was able to do light work. R. 96. The ALJ considered these opinions, finding them persuasive, but noted that Dr. James found the "claimant could perform medium work exertionally." R. 21. He found while James' opinion was persuasive, "in view of additional evidence submitted at the hearing level (Exhibits B3F, B4F, B5F), the claimant is limited to light work activity exertionally." R. 21.

The plaintiff argues that under the current regulations, the opinions of the SAMC should not have been found persuasive because they did not have much of the relevant evidence before them. While this might be error if the ALJ failed to factor in later evidence in formulating the RFC, the ALJ clearly considered the other evidence in the record, not reviewed by the SAMC. This evidence as his basis for reducing the RFC from James' medium exertional assessment to light.

Seizing on the fact that the SAMC opinions referenced both light and medium exertional limits, Adams argues the ALJ failed to properly consider "the totality of these opinions, specifically that the DDS physicians also limited the Plaintiff to light work. By his own omission, if additional evidence submitted at the hearing was more restricting than DDS limiting the Plaintiff to a lower exertional level, then a favorable determination would have been rendered in this present claim." Pl. Brief p. 8. The court finds there is no error.

Dr. James found that Adams could perform at the medium level of exertion, though he opined her vocational base would be limited to light work. Kossman found James' would be limited to light work. The ALJ's decision, to the extent that there was a conflict between the two

opinions, chose the light RFC, opined by Kossman, and rejected James' opinion to the extent, his ambiguous opinion found Adams could work at a medium exertional level. Neither logic, nor the record requires a further reduction of the RFC.

Furthermore the balance of the decision explains and supports the RFC. The ALJ noted the findings of shoulder arthritis and that x-rays from April 26, 2017, showed acromioclavicular joint space narrowing. He found this was a severe impairment but noted that during seven visits between February 25, 2019 and February 4, 2020, the plaintiff did not complain of shoulder pain and had two normal musculoskeletal exams in August 2019 and February 2020.

The ALJ also considered the findings and complaints of diabetic neuropathy. While Jones reported chronic pain, tingling, and burning in her legs, the ALJ found her statements about the intensity, persistence and limiting affects of the neuropathy were not supported by objective findings. Her blood glucose and A1C readings were typically normal with one "borderline" high A1C. The judge noted both the findings of reduced sensation to monofilament testing and electromyography and nerve conduction studies showing minimal evidence of mild diffuse peripheral neuropathy. He also noted otherwise normal diabetic foot exams, the normal appearance of her extremities and neurological exams that were negative for any gross motor or sensory deficit. The opinion clearly rejects and explains why the judge decided the evidence showed Adams was capable of a light, rather than sedentary RFC.

The ALJ finally rejected any additional impairments based on the cervical spine study, done in 2015 before the date of onset. This study found moderate degenerative changes at C3-C4, C4-C5, and C6-7, but as the ALJ noted the plaintiff did not complain about neck pain or seek treatment for it during the time at issue.

The undersigned finds substantial evidence supports the ALJ's findings on the persuasiveness analysis of the SAMC opinions, the RFC, and the decision.

The decision of the Commissioner of Social Security is affirmed.

**SO ORDERED** this the day of February 14th 2022.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**